**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**Letarius R. Johnson,**

                **Petitioner,**

**-vs-**                                      **Case No.  6:08-cv-1189-Orl-18GJK**

**United States of America,**

                **Respondent.**

_____

## ORDER

This matter came before the Court without oral argument upon consideration of Petitioner's, Letarius R. Johnson ("Petitioner"), Motion to Vacate, Set Aside, or Correct an illegal sentence, and accompanying memoranda, pursuant to 28 U.S.C. § 2255 (the "Motion") (Docs. 1 and 2).  The Respondent, the United States of America (the "Government"), filed a response in opposition to the Motion in compliance with the Court's scheduling order and with *The Rules Governing Section 2255 Cases in the United States District Courts* (Doc. 6).  Petitioner, thereafter, filed a Reply (Doc. 10).

**I.  Overview**

Petitioner asserts eight separate claims for relief in his Motion, all of which are predicated on an alleged ineffective assistance of counsel in violation of the Sixth Amendment to the U.S. Constitution during or after sentencing.  Specifically, Count I asserts that Petitioner's counsel was ineffective in addressing his prior burglary conviction.  Count II asserts that Petitioner's counsel was ineffective for failing to produce certain documentation to the Court concerning whether

Petitioner's prior convictions were crimes of violence.  Count III asserts that Petitioner's counsel was ineffective for failing to argue that Amendment 709 to the Sentencing Guidelines would have resulted in Petitioner not being scored as a career offender.  Count IV asserts that Petitioner's counsel was ineffective in advising Petitioner to voluntarily dismiss his appeal.  Count V asserts that Petitioner's counsel was ineffective by failing to object to Petitioner's classification as a career offender, given that certain of his prior convictions allegedly stemmed from a single, consolidated case.  Count VI asserts that Petitioner's counsel was ineffective in failing to object to the Government's varied portrayals of Petitioner as both a drug dealer and not a drug dealer at different stages of the proceedings.  Count VII asserts that Petitioner's counsel was ineffective in failing to object to the use of Petitioner's prior conviction for carrying a concealed weapon in classifying Petitioner as a career offender.  Finally, Count VIII asserts that Petitioner's counsel was ineffective in failing to present evidence of mitigation at sentencing.

The Government argues, *inter alia*, that Petitioner waived his right to attack his sentence on collateral review pursuant to a written plea agreement.  Even assuming, *arguendo*, that the plea agreement does not waive Petitioner's right to collateral review, the Government contends that Petitioner's eight claims are without merit.

As addressed in further detail, *infra*, because the Court concludes that Petitioner knowingly and voluntarily waived his right to collateral review, the Motion will be denied.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**II.  Factual Background and Procedural History**

On September 28, 2006, Petitioner was charged in a two-count indictment with knowingly and willfully distributing and possessing crack-cocaine (CR-Doc. 1).[1] Count one of the indictment alleged that the amount of crack-cocaine was more than five (5) grams; count two of the indictment alleged that the amount of crack-cocaine was more than fifty (50) grams.  Pursuant to a seventeen-page written plea agreement, Petitioner agreed to change his plea and to plead guilty to count two of the indictment; the Government, in turn, agreed to dismiss count one of the indictment (CR-Doc. 17).  In pertinent part, the plea agreement provided:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed...then the defendant is released from his waiver and may appeal the sentence...

(CR-Doc. 17 at 12).

On December 15, 2006, Petitioner initialed each page of the plea agreement and signed same (CR-Doc. 17).  Petitioner then entered a guilty plea on December 21, 2006 pursuant to the plea agreement (CR-Doc. 21).  During the change of plea hearing, the Court conducted an exhaustive plea colloquy and determined that Petitioner was competent to enter a guilty plea, advised Petitioner of the rights he was waiving, and elicited Petitioner's acknowledgment of that

---

[1]*See* Criminal Case No. 06:06-cr-178-Orl-31JGG (M.D. Fla. 2006).  References to the docket in Petitioner's criminal case will be cited to as "CR-Doc."

waiver. Specifically, Petitioner acknowledged that he had discussed the appeal and collateral review waiver with this counsel and that he was giving up his right "to appeal from or collaterally challenge [his] sentence" except if "the sentence is above the guideline range...if the sentence is more than the maximum permitted by the law...if the sentence violates the Eighth Amendment...or if the United States appeals, you can appeal for any reason" (CR-Doc. 50 at 16). Petitioner further stated, under oath, that he was not threatened or subjected to any improper pressure in order to secure his guilty plea, that he had reviewed the information concerning his case with his attorney and was satisfied with his attorney services, that he understood the nature of the charges against him and the maximum penalties associated with those charges, and that he specifically understood the rights he would be waiving by entering a guilty plea. (CR-Doc. 50 at 8-9 and 15-16).

**III. Analysis**

A sentence-appeal waiver, which is entered into voluntarily and knowingly pursuant to the a plea agreement, precludes a defendant from attempting to attack his sentence on collateral review through a claim of ineffective assistance of counsel during sentencing. *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005). However, a valid sentence-appeal waiver does not preclude a challenge to the validity of the petitioner's plea or the appeal waiver based on ineffective assistance of counsel. *Patel v. United States*, 252 Fed. Appx. 970, 974-75 (11th Cir. 2007). To establish the validity of a sentence-appeal waiver, the government must show that the district court specifically questioned the defendant about the provision during the plea colloquy, or that it is manifestly clear from the record that the defendant fully understood the significance of the waiver. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001); *see also United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). Accordingly, a petitioner's knowing and voluntary waiver

in a plea agreement generally bars all collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver of the plea itself.

In the case at bar, the Court concludes that the plea agreement and sentence-appeal waiver were knowing and voluntary. The Court addressed the waiver during a thorough and comprehensive plea colloquy (*See* CR-Doc. 50). Petitioner specifically stated, under oath, that he was not threatened or subjected to any improper pressure in order to secure his guilty plea, that he had reviewed the information concerning his case with his attorney and was satisfied with his attorney services, that he understood the nature of the charges against him and the maximum penalties associated with those charges, and that he understood the rights he would be waiving by entering a guilty plea. (CR-Doc. 50 at 8-9 and 15-16). These statements, given under oath, constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Accordingly, the Court concludes that Petitioner was specifically questioned about the waiver during the plea colloquy and that it is manifestly clear from the record that Petitioner fully understood the significance of his waiver of collateral relief.

Inasmuch as Petitioner's knowingly, intelligently, and voluntarily entered into the written plea agreement and sentence-appeal waiver, Petitioner's plea agreement precludes the Court from addressing all of the claims asserted in Petitioner's Motion. Indeed, none of Petitioner's eight claims – all predicated on ineffective assistance of counsel – concern matters that have any bearing on the validity of Petitioner's plea agreement or sentence-appeal waiver. Therefore, Petitioner's Motion will be denied.

### III. Conclusion

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Motion to Vacate, Set Aside, or Correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Letarius R. Johnson is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court is directed to enter judgment accordingly and close the file. A certified copy of this Order and the judgment shall also be filed in criminal case number 06:06-cr-178-Orl-31JGG (M.D. Fla. 2006).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 7, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE